**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT "G"-DOFFEE/MAXWELL                                                              PLAINTIFF
ADC #108778

V.                             NO: 5:08CV00015 JMM/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                DEFENDANTS

**ORDER**

On February 26, 2009, United States Magistrate Judge H. David Young entered an order denying in part Plaintiff's motion to amend, where Plaintiff sought to add Defendants and claims concerning alleged mail tampering at the Arkansas Department of Correction's McPherson Unit (docket entry #149). Plaintiff has filed two motions seeking reconsideration of that order, and requesting the McPherson warden and assistant warden, along with an unnamed mail room supervisor at McPherson, be added as Defendants (docket entries #155 & #156). Defendants have filed a response in opposition (docket entry #165), and Plaintiff has filed a reply to that response (docket entry #166).

The mail at issue was in reference to another of Plaintiff's cases, and was sent to Princess M. Smith/"G"-Doffee, whom Plaintiff has identified as his wife, and who is an inmate at the McPherson Unit. According to Plaintiff, the mail was related to ED/AR case No. 4:07CV669, in which both he and Smith/"G"-Doffee are Plaintiffs. In his order, Judge Young determined that if mail interference was hindering Plaintiff's pursuit of his other case, he should file an appropriate motion in that case. In his motions for reconsideration here, Plaintiff asserts that he did attempt to amend his other case, but that the attempt was denied. Plaintiff specifically cites his motion filed at docket entry #162 of

1

case No. 4:07CV669. However, that motion was attempting to add personnel from the Diagnostic Unit, the Varner Unit, and the Varner Super Max Unit, but not the McPherson unit. It does not appear that the motion Plaintiff cites from his other case relates to personnel at McPherson preventing him from pursuing his claims in case No.4:07CV669. Federal law provides:

> Notwithstanding any provision of law to the contrary--
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). *See also* Local Rule 72.1.VII.A. Nothing in Judge Young's order is clearly erroneous or contrary to law. Accordingly, Plaintiff's motions for reconsideration (docket entries #155 & #156) are DENIED.

IT IS SO ORDERED this 30th day of March, 2009.

UNITED STATES DISTRICT JUDGE